UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. RUSSELL,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN,<br><br>    Defendant. | No. 2:18-cv-1062 TLN AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. By orders filed May 2, 2018, and June 22, 2018, the court informed plaintiff that to proceed with this case he must submit an application to proceed in forma pauperis or pay the required filing fee of $350.00 plus the $50.00 administrative fee.[1] See 28 U.S.C. §§ 1914(a), 1915(a). See ECF Nos. 3, 7. The last deadline for complying with this directive was thirty (30) days after the June 22, 2018 filing date of the court's most recent order. See ECF No. 7 at 2. Plaintiff was then informed that "failure to timely comply with this order will result in a recommendation that this action be dismissed without prejudice." Id.

On July 9, 2018, plaintiff submitted a request for appointment of counsel. See ECF No. 8.

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

1

The exhibits attached to that request include an uncertified copy of plaintiff's trust account statement dated April 9, 2018. Id. at 3. Due to this apparent effort, the court will accord plaintiff one final opportunity to submit a completed in forma pauperis application; however, no further extensions of time will be granted

Moreover, it is premature to consider plaintiff's request for appointment of counsel in this case,[2] because plaintiff has not completed the in forma pauperis application process or paid the filing fee. Only after this case is properly commenced may the court evaluate the request for appointment of counsel.[3]

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, ECF No. 8, is denied without prejudice.

2. Plaintiff shall, within thirty (30) days from the filing date of this order, submit a completed application in support of his request to proceed in forma pauperis on the form provided herewith, or the required fees in the amount of $400.00.

3. Plaintiff is informed that the enclosed forma pauperis application form includes a section that must be completed by a prison official, and the completed application must be accompanied by a certified copy of the prisoner's prison trust account statement for the six-month period preceding the filing of this action.

---

[2] In support of his request for appointment of counsel, plaintiff avers that he is unable to afford retained counsel; has limited knowledge of the law and limited access to the prison law library; that appointed counsel would be beneficial at trial; and that plaintiff suffers from memory loss due to a traumatic brain injury. ECF No. 8 at 1, 2. Plaintiff states that he has attempted to obtain voluntary counsel on his own, without success, and requests that this court appoint one of two specifically identified attorneys, one of whom was apparently plaintiff's appellate counsel. Id. at 2, 4.

[3] Although district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases, see Mallard v. U.S. District Court, 490 U.S. 296, 298 (1989), appointment can be made under certain exceptional circumstances pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate plaintiff's likelihood of success on the merits of his claims as well as plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

4. Plaintiff's failure to timely comply with this order will result in a recommendation that this action be dismissed without prejudice; no further extensions of time will be granted.

5. The Clerk of the Court is directed to send plaintiff, together with a copy of this order, a new Application to Proceed In Forma Pauperis By a Prisoner.

IT IS SO ORDERED.

DATED: August 2, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE