UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. RUSSELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN,<br><br>　　　　Defendant. | No. 2:18-cv-1062 TLN AC P<br><br>ORDER |

I.　　Introduction

Plaintiff is a state prisoner at San Quentin State Prison under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The complaint was filed in this court because the sole named defendant is former CDCR Secretary Scott Kernan.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted; his motion for appointment of counsel is denied without prejudice; and the complaint is dismissed with leave to amend.

////

////

II. In Forma Pauperis Application

Plaintiff has submitted his affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a).[1] Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 10, will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

III. Screening of Plaintiff's Complaint

A. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair

---

[1] Although the completed application lacks plaintiff's signature, see ECF No. 10 at 2, the undersigned has construed the application in tandem with plaintiff's signed statement filed May 10, 2018, ECF No. 6.

2

notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.   Plaintiff's Allegations

The complaint, prepared and signed on April 24, 2018, names former CDCR Secretary Scott Kernan as the only defendant. Plaintiff generally challenges CDCR "regulations" which exclude nonviolent third-strikers from the benefits of Proposition 57. Plaintiff argues that the California courts have ruled that nonviolent third-strikers would no longer be excluded from parole consideration under Proposition 57.

Plaintiff commenced this action after presenting his allegations in a petition for writ of habeas corpus that, on April 2, 2018, was dismissed without prejudice to pursuing a civil rights

3

action under Section 1983. See Russell v. Fox, Case No. 2:18-cv-01112 CRB (PR) (N. D. Cal. April 2, 2018). The order of dismissal in that case states that in December 2011, following a conviction for several vehicular offenses, including drunk driving and striking a pedestrian with his car, "the court found that petitioner had six prior strike convictions and six prior serious felony convictions and, on December 2, 2011, sentenced him to 50 years to life in state prison pursuant to California's Three Strikes Law." (Id., ECF No. 8 at 1.) The district court found that, to the extent plaintiff was seeking a release date under Proposition 57, the claim must be dismissed as noncognizable in habeas; to the extent that plaintiff was seeking parole consideration, it "must be brought in a civil rights action under 42 U.S.C. § 1983, if it may be brought in federal court at all." (Id., ECF No. 8 at 3 (citing Nettles v. Grounds, 830 F.3d 922, 932, 934-35 (9th Cir. 2016) (en banc) (claim that would not necessarily lead to immediate or speedier release from custody falls outside the core of habeas corpus)).

In the instant civil rights case, plaintiff asserts that he has "completed the longest term of his primary offense," that his third strike was nonviolent, and that he therefore meets the threshold requirements for obtaining a parole consideration hearing under Proposition 57. Plaintiff seeks an order of this court directing Secretary Kernan to recalculate plaintiff's sentence without the "alternative sentence" he received as a third-striker; to schedule a parole consideration hearing; to set a parole release date within 60 days; and, upon plaintiff's release, to compensate plaintiff $500 damages for each day since November 9, 2016 that he was allegedly wrongfully held. See ECF No. 1.

Attached to plaintiff's motion for appointment of counsel, which is addressed separately below, are copies of plaintiff's relevant inmate appeal and the CDCR decisions exhausting that appeal. See ECF No. 11 at 9-18; see also ECF No. 1 at 3 (plaintiff indicates that he exhausted his administrative remedies). See Cal. Code Regs. tit. 15, § 3490 et seq. See Cal. Code Regs. tit. 15, § 3491(g) ("Eligibility reviews under this section [nonviolent offenders] are subject to the department's inmate appeal process in accordance with article 8 of chapter 1 of this division."). Review of the appeal demonstrates that, at final Third Level Review, CDCR denied plaintiff's request to be considered for parole under Proposition 57 because his third-strike sentence for a

4

term of life with the possibility of parole excludes him from the definition of "nonviolent offender" under Cal. Code Regs. tit. 15, § 3490.  See ECF No. 11 at 18.  Nevertheless, plaintiff was informed that he "remain[s] eligible for parole consideration under Penal Code section 3041,[2] which sets forth the well-established parole consideration process for indeterminately-sentenced inmates."  Id.

### C. Analysis

California's "Three Strikes" law requires that a defendant previously convicted of two serious or violent felonies receive a mandatory sentence of at least 25-years-to-life following conviction of a third felony.  See Cal. Penal Code § 667 et seq.  The Three Strikes law was amended in 2012 by Proposition 36, which authorizes the imposition of an indeterminate life sentence for a third strike only if that strike is a serious and/or violent felony or the defendant is otherwise disqualified for a determinate sentence.  See Teal v. Superior Court, 60 Cal. 4th 595 (2014).  These amendments are not retroactive.  See People v. Conley, 63 Cal. 4th 646 (2016).  Prisoners whose third-strike sentences were final prior to the 2012 amendments, but which would not have resulted in an indeterminate life sentence under current law, may petition for recall of their sentences under Cal. Penal Code § 1170.126.

In 2016, California voters approved Proposition 57 which, in pertinent part, requires that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense."  Cal. Const. Art. I, §32(a)(1).  The "full term for the primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, *excluding* the imposition of an enhancement, consecutive sentence, or alternative sentence."  Id., § 32(a)(1)(A) (emphasis added).  An indeterminate life sentence under the Three Strikes law is considered an "alternative sentence," see In re Edwards, 26 Cal. App. 5th 1181, 1187 (Cal. App. Sept. 7, 2018), and thus is *not* a primary offense term that must be served before a prisoner is eligible for parole consideration under Proposition 57.  Therefore, a Three Strikes indeterminate sentence must be

---

[2] Under Cal. Penal Code § 3041.5(d), an inmate may request that the Board of Parole Hearings advance his or her parole suitability hearing.

"put aside" for purposes of determining the full term of a prisoner's primary offense. Id. at 1192.

Petitioner is correct that CDCR regulations exclude inmates with third-strike indeterminate sentences from parole consideration under Cal. Code Regs. tit. 15, §§ 3490 and 3491(b)(1). However, following the California Court of Appeal decision in In re Edwards, 26 Cal. App. 5th 1181 (Sept. 7, 2018) (finding that inmates serving Three Strike sentences for nonviolent offenses are constitutionally entitled to parole consideration under Proposition 57), CDCR enacted emergency regulations to accord parole consideration to indeterminately sentenced nonviolent offenders. See Proposed Regulations, Cal. Code Regs. tit. 15, §§ 3495-97. These regulations were given temporary emergency effect on January 1, 2019, pending final adoption.[3]

Thus, is appears that plaintiff has three options for pursuing relief at the state level: (1) request for eligibility review by the Board of Parole Hearings pursuant to emergency regulations Cal. Code Regs. tit. 15, §§ 3495-97; (2) request for an expedited parole suitability hearing under Cal. Penal Code § 3041.5(d)(1); and (3) a petition to recall sentence in the Superior Court under Cal. Penal Code § 1170.126. In light of these options and the requirement that plaintiff newly exhaust his administrative remedies under options (1) and (2) before proceeding with a federal action, it does not appear that plaintiff can state a cognizable federal civil rights claim at this time.

Similar allegations raised in other cases within this district have found no cognizable claim under Section 1983, but granted plaintiffs leave to file amended complaints. See e.g. Ham v. CDCR, 2018 WL 1532375, at *3, 2018 U.S. Dist. LEXIS 53645, at *6-7 (E.D. Cal. Mar. 29, 2018) (Case No. 1:17-cv-1435 LJO MJS PC), and cases cited therein (later dismissed based on plaintiff's failure to appraise the court of his current address). These decisions are premised on

---

[3] This information is fully set forth in the following links on CDCR's website:
https://www.cdcr.ca.gov/proposition57/docs/FAQ-Prop-57-Third-Striker-NVPP.pdf
(Proposition 57 Frequently Asked Questions); and
https://www.cdcr.ca.gov/Regulations/Adult_Operations/Pending_Rules_Page.html
(Pending Changes to Department Rules/Supplemental Reforms to Parole Consideration).
This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

the assessment that "[p]arole consideration of a person who is eligible under Proposition 57 is discretionary and is a matter of state law." Daniels v. CDCR, 2018 WL 489155, at *4, 2018 U.S. Dist. LEXIS 9086, at *11 (E.D. Cal. Jan. 19, 2018) (Case No. 1:17-cv-01510 AWI BAM) (later dismissed for failure to state a claim).

In Herrera v. California State Superior Courts, No. 1:17-cv-386 AWI BAM, 2018 WL 400320, at *3, 2018 U.S. Dist. LEXIS 6113, at *8 (E.D. Cal. Jan. 12, 2018) (Case No. 1:17-cv-386 AWI BAM), and cases cited therein (later dismissed for failure to state a cognizable claim), the court noted that the California state court decisions addressed application of Proposition 57 "uniformly state that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing, and does not entitle Plaintiff to seek relief in court in the first instance. Indeed, the plain language of the Art. I, sec. 32 provides that a person is eligible for 'parole consideration.' Any determination as to appellant's right to parole under Proposition 57 must be made, in the first instance, by the appropriate agency." Id. at * 3. Accord, Olivier v. CDCR, 2019 WL 462771, at *1, 2019 U.S. Dist. LEXIS 19523, at *3 (E.D. Cal. Feb. 6, 2019) (Case No. 1:19-cv-00131 SKO HC) (later dismissed for failure to state a cognizable claim) (citing Daniels v. CDCR, supra, 2018 WL 489155, at *4, 2018 U.S. Dist. LEXIS 9086, at *11 (internal quotation marks omitted)). The Herrera court concluded that plaintiff's challenge to the application of Proposition 57 was not cognizable under Section 1983 because "it asserts only a violation or misinterpretation of state law," while Section 1983 "provides a remedy only for violation of the Constitution or law or treaties of the United States." Herrera, 2018 WL 400320, at *4, 2018 U.S. Dist. LEXIS 6113, at *9 (citing Swarthout v. Cooke, 562 U.S. 216, 222 (2011)).[4] "Plaintiff may

---

[4] In Swarthout, the Supreme Court clarified that only limited federal due process rights attach to state parole proceedings. The Court explained:

> Whatever liberty interest exists is, of course, a *state* interest created by California law. There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. . . . [A] prisoner subject to a parole

not 'transform a state-law issue into a federal one merely by asserting a violation of due process.'" Id. (quoting Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)); accord, Crisp v. Kernan, 2018 WL 2771310, at *4, 2018 U.S. Dist. LEXIS 96221, at *9-10 (E.D. Cal. June 7, 2018) (Case No. 2:17-CV-2431 KJN P).

In Ham, the court informed plaintiff that in December 2017, CDCR enacted regulations to effectuate Proposition 57. These regulations "provide a mechanism for CDCR to initiate reviews of all inmates to make an initial eligibility determination. Inmates determined to be eligible for parole hearings under Proposition 57 are to have their cases referred to Parole Hearing Boards. Inmates who are deemed ineligible are to be notified of their status and are subject to the Inmate Appeal Process." Ham v. CDCR, supra, 2018 WL 1532375, at *3, 2018 U.S. Dist. LEXIS 53645, at *6-7 (citations to California regulations omitted).

Consistent with this approach, plaintiff will be granted leave to file an amended complaint in an effort to state a cognizable federal claim. However, as emphasized by the court in Herrera, plaintiff is reminded that "[t]he violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Nonetheless, the Court will grant Plaintiff leave to amend to allege that standards for parole have been met, and the minimum procedures adequate for due-process protection of that interest have not been met, to the extent Plaintiff can do so in good faith." Herrera, 2018 WL 400320, at *4, 2018 U.S. Dist. LEXIS 6113, at *12; accord, Crisp v. Kernan, 2018 WL 2771310, at *4, 2018 U.S. Dist. LEXIS 96221, at *9-10.

In an amended complaint plaintiff must explain exactly how he is currently calculating his right to relief under Proposition 57, and why none of the three state options identified herein provide him adequate avenues to pursue such relief. For present purposes the court will retain the

---

> statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. The Constitution . . . does not require more.

Swarthout v. Cooke, 562 U.S. at 220 (original emphasis) (citations and internal quotation marks omitted).

8

1 | CDCR Secretary as the sole defendant in this action but substitute current Secretary Ralph Diaz for former Secretary Scott Kernan.

### IV. Leave to File a First Amended Complaint

For the foregoing reasons, the instant complaint will be dismissed. Plaintiff will be granted leave to file a proposed First Amended Complaint (FAC) within thirty days, in which he may attempt to state a cognizable federal claim subject to the standards set forth herein. The FAC must be on the form provided herewith, labeled "First Amended Complaint," and provide the case number assigned this case. The FAC must be complete in itself without reference to the original complaint. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

### V. Motion for Appointment of Counsel

Plaintiff again requests appointment of counsel. See ECF No. 11; see also ECF No. 8. The court again finds plaintiff's request premature and will deny it without prejudice. Cf. ECF No. 9 at 2. Should this case proceed on the FAC, plaintiff may again request appointment of counsel.[5]

### VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 10, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

---

[5] Although district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases, see Mallard v. U.S. District Court, 490 U.S. 296, 298 (1989), appointment can be made under certain exceptional circumstances pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate plaintiff's likelihood of success on the merits of his claims as well as plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's original complaint, ECF No. 1, is dismissed in its entirety with leave to file a proposed First Amended Complaint (FAC) within thirty (30) days after service of this order, subject to the legal standards set forth herein. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

4. Plaintiff's request for appointment of counsel, ECF No. 11, is denied without prejudice.

5. The Clerk of Court is directed to: (1) send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983; and (2) substitute, on the docket, current CDCR Secretary Ralph Diaz for former CDCR Secretary Scott Kernan.

SO ORDERED.

DATED: May 28, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE