| | |
|---|---|
| ROBERT G. RUSSELL,<br><br>            Plaintiff,<br><br>    v.<br><br>RALPH DIAZ,<br><br>            Defendant. | No. 2:18-cv-1062 TLN AC P<br><br>FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

I.     Introduction

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff challenges the failure of the California Department of Corrections and Rehabilitation (CDCR) to resentence him as a nonviolent third-striker under California's Three Strikes Law. By order filed May 28, 2019, this court dismissed plaintiff's original complaint with leave to file an amended complaint. ECF No. 13. Plaintiff timely filed a proposed First Amended Complaint (FAC), ECF No. 16, which this court now screens pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends the dismissal of this action for failure to state a cognizable claim.

////

---

[1] This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

1

III. Screening of Plaintiff's First Amended Complaint (FAC)

A. Legal Standards

As plaintiff was previously informed in greater detail, ECF No. 13 at 2-3, this court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

B. Plaintiff's Factual Allegations

The FAC, though much shorter, is premised on the same factual allegations set forth in plaintiff's original complaint. As summarized by this court in screening plaintiff's original complaint, the relevant facts are as follows, ECF No. 13 at 3-5 (emphasis added):

> Plaintiff generally challenges CDCR "regulations" which exclude nonviolent third-strikers from the benefits of Proposition 57. Plaintiff argues that the California courts have ruled that nonviolent third-strikers would no longer be excluded from parole consideration under Proposition 57.
>
> Plaintiff commenced this action after presenting his allegations in a petition for writ of habeas corpus that, on April 2, 2018, was dismissed without prejudice to pursuing a civil rights action under Section 1983. See Russell v. Fox, Case No. 2:18-cv-01112 CRB (PR) (N. D. Cal. April 2, 2018). The order of dismissal in that case states that in December 2011, following a conviction for several vehicular offenses, including drunk driving and striking a pedestrian with his car, "the court found that petitioner had six prior strike convictions and six prior serious felony convictions and, on December 2, 2011, sentenced him to 50 years to life in state prison pursuant to California's Three Strikes Law." (Id., ECF No. 8 at 1.) The district court found that, to the extent plaintiff was seeking a release date under Proposition 57, the claim must be dismissed as noncognizable in habeas; to the extent that plaintiff was seeking parole consideration, it "must be brought in a civil rights action under 42 U.S.C. § 1983, if it may be brought in federal court at all." (Id., ECF No. 8 at 3 (citing Nettles v. Grounds, 830 F.3d 922, 932, 934-35 (9th Cir. 2016) (en banc) (claim that would not necessarily lead to immediate or speedier release from custody falls outside the core of habeas corpus)).

2

In the instant civil rights case, plaintiff asserts that he has "completed the longest term of his primary offense," that his third strike was nonviolent, and that he therefore meets the threshold requirements for obtaining a parole consideration hearing under Proposition 57.

Plaintiff seeks an order of this court directing Secretary [Diaz]² to recalculate plaintiff's sentence without the "alternative sentence" he received as a third-striker; to schedule a parole consideration hearing; to set a parole release date within 60 days; and, upon plaintiff's release, to compensate plaintiff $500 damages for each day since November 9, 2016 that he was allegedly wrongfully held. See ECF No. 1.

Attached to plaintiff's motion for appointment of counsel, . . . are copies of plaintiff's relevant inmate appeal and the CDCR decisions exhausting that appeal. See ECF No. 11 at 9-18; see also ECF No. 1 at 3 (plaintiff indicates that he exhausted his administrative remedies). See Cal. Code Regs. tit. 15, § 3490 et seq. See Cal. Code Regs. tit. 15, § 3491(g) ("Eligibility reviews under this section [nonviolent offenders] are subject to the department's inmate appeal process in accordance with article 8 of chapter 1 of this division."). Review of the appeal demonstrates that, **at final Third Level Review, CDCR denied plaintiff's request to be considered for parole under Proposition 57 because his third-strike sentence for a term of life with the possibility of parole excludes him from the definition of "nonviolent offender" under Cal. Code Regs. tit. 15, § 3490. See ECF No. 11 at 18. Nevertheless, plaintiff was informed that he "remain[s] eligible for parole consideration under Penal Code section 3041,³ which sets forth the well-established parole consideration process for indeterminately-sentenced inmates."** Id.

    C.    <u>Analysis</u>

        1.    <u>The Original Complaint</u>

In dismissing the original complaint with leave to amend, the court explained as follows:

California's "Three Strikes" law requires that a defendant previously convicted of two serious or violent felonies receive a mandatory sentence of at least 25-years-to-life following conviction of a third felony. See Cal. Penal Code § 667 et seq. The Three Strikes law was amended in 2012 by Proposition 36, which authorizes the imposition of an indeterminate life sentence for a third strike only if that strike is a serious and/or violent felony or the defendant is otherwise disqualified for a determinate sentence. See Teal v. Superior Court, 60 Cal. 4th 595 (2014). These amendments are not retroactive. See People v. Conley, 63 Cal. 4th 646 (2016). Prisoners whose third-strike sentences were final prior to the 2012

---

² The court substituted current CDCR Secretary Ralph Diaz for former CDCR Secretary Scott Kernan. ECF No. 13 at 8-9.

³ Under Cal. Penal Code § 3041.5(d), an inmate may request that the Board of Parole Hearings advance his or her parole suitability hearing.

3

amendments, but which would not have resulted in an indeterminate life sentence under current law, may petition for recall of their sentences under Cal. Penal Code § 1170.126.

In 2016, California voters approved Proposition 57 which, in pertinent part, requires that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. Art. I, §32(a)(1). The "full term for the primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, *excluding* the imposition of an enhancement, consecutive sentence, or alternative sentence." Id., § 32(a)(1)(A) (emphasis added). An indeterminate life sentence under the Three Strikes law is considered an "alternative sentence," see In re Edwards, 26 Cal. App. 5th 1181, 1187 (Cal. App. Sept. 7, 2018), and thus is *not* a primary offense term that must be served before a prisoner is eligible for parole consideration under Proposition 57. Therefore, a Three Strikes indeterminate sentence must be "put aside" for purposes of determining the full term of a prisoner's primary offense. Id. at 1192.

Petitioner is correct that CDCR regulations exclude inmates with third-strike indeterminate sentences from parole consideration under Cal. Code Regs. tit. 15, §§ 3490 and 3491(b)(1). However, following the California Court of Appeal decision in In re Edwards, 26 Cal. App. 5th 1181 (Sept. 7, 2018) (finding that inmates serving Three Strike sentences for nonviolent offenses are constitutionally entitled to parole consideration under Proposition 57), CDCR enacted emergency regulations to accord parole consideration to indeterminately sentenced nonviolent offenders. See Proposed Regulations, Cal. Code Regs. tit. 15, §§ 3495-97. These regulations were given temporary emergency effect on January 1, 2019, pending final adoption.[4]

**Thus, is appears that plaintiff has three options for pursuing relief at the state level: (1) request for eligibility review by the Board of Parole Hearings pursuant to emergency regulations Cal. Code Regs. tit. 15, §§ 3495-97; (2) request for an expedited parole suitability hearing under Cal. Penal Code § 3041.5(d)(1); and (3) a petition to recall sentence in the Superior Court under Cal. Penal Code § 1170.126. In light of these options and the requirement that plaintiff newly exhaust his administrative remedies under options (1) and (2) before proceeding with a**

---

[4] This information is fully set forth in the following links on CDCR's website:
https://www.cdcr.ca.gov/proposition57/docs/FAQ-Prop-57-Third-Striker-NVPP.pdf
(Proposition 57 Frequently Asked Questions); and
https://www.cdcr.ca.gov/Regulations/Adult_Operations/Pending_Rules_Page.html
(Pending Changes to Department Rules/Supplemental Reforms to Parole Consideration).
This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

**federal action, it does not appear that plaintiff can state a cognizable federal civil rights claim at this time.**

Similar allegations raised in other cases within this district have found no cognizable claim under Section 1983, but granted plaintiffs leave to file amended complaints. See e.g. Ham v. CDCR, 2018 WL 1532375, at *3, 2018 U.S. Dist. LEXIS 53645, at *6-7 (E.D. Cal. Mar. 29, 2018) (Case No. 1:17-cv-1435 LJO MJS PC), and cases cited therein (later dismissed based on plaintiff's failure to appraise the court of his current address). These decisions are premised on the assessment that "[p]arole consideration of a person who is eligible under Proposition 57 is discretionary and is a matter of state law." Daniels v. CDCR, 2018 WL 489155, at *4, 2018 U.S. Dist. LEXIS 9086, at *11 (E.D. Cal. Jan. 19, 2018) (Case No. 1:17-cv-01510 AWI BAM) (later dismissed for failure to state a claim).

In Herrera v. California State Superior Courts, No. 1:17-cv-386 AWI BAM, 2018 WL 400320, at *3, 2018 U.S. Dist. LEXIS 6113, at *8 (E.D. Cal. Jan. 12, 2018) (Case No. 1:17-cv-386 AWI BAM), and cases cited therein (later dismissed for failure to state a cognizable claim), the court noted that the California state court decisions addressed application of Proposition 57 "uniformly state that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing, and does not entitle Plaintiff to seek relief in court in the first instance. Indeed, the plain language of the Art. I, sec. 32 provides that a person is eligible for 'parole consideration.' Any determination as to appellant's right to parole under Proposition 57 must be made, in the first instance, by the appropriate agency." Id. at * 3. Accord, Olivier v. CDCR, 2019 WL 462771, at *1, 2019 U.S. Dist. LEXIS 19523, at *3 (E.D. Cal. Feb. 6, 2019) (Case No. 1:19-cv-00131 SKO HC) (later dismissed for failure to state a cognizable claim) (citing Daniels v. CDCR, supra, 2018 WL 489155, at *4, 2018 U.S. Dist. LEXIS 9086, at *11 (internal quotation marks omitted)). The Herrera court concluded that plaintiff's challenge to the application of Proposition 57 was not cognizable under Section 1983 because "it asserts only a violation or misinterpretation of state law," while Section 1983 "provides a remedy only for violation of the Constitution or law or treaties of the United States." Herrera, 2018 WL 400320, at *4, 2018 U.S. Dist. LEXIS 6113, at *9 (citing Swarthout v. Cooke, 562 U.S. 216, 222 (2011)).[5] "Plaintiff may not

---

[5] In Swarthout, the Supreme Court clarified that only limited federal due process rights attach to state parole proceedings. The Court explained:
> Whatever liberty interest exists is, of course, a *state* interest created by California law. There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. . . . [A] prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of

'transform a state-law issue into a federal one merely by asserting a violation of due process.'" Id. (quoting Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)); accord, Crisp v. Kernan, 2018 WL 2771310, at *4, 2018 U.S. Dist. LEXIS 96221, at *9-10 (E.D. Cal. June 7, 2018) (Case No. 2:17-CV-2431 KJN P).

In Ham, the court informed plaintiff that in December 2017, CDCR enacted regulations to effectuate Proposition 57. These regulations "provide a mechanism for CDCR to initiate reviews of all inmates to make an initial eligibility determination. Inmates determined to be eligible for parole hearings under Proposition 57 are to have their cases referred to Parole Hearing Boards. Inmates who are deemed ineligible are to be notified of their status and are subject to the Inmate Appeal Process." Ham v. CDCR, supra, 2018 WL 1532375, at *3, 2018 U.S. Dist. LEXIS 53645, at *6-7 (citations to California regulations omitted).

**Consistent with this approach, plaintiff will be granted leave to file an amended complaint in an effort to state a cognizable federal claim. However, as emphasized by the court in Herrera, plaintiff is reminded that "[t]he violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Nonetheless, the Court will grant Plaintiff leave to amend to allege that standards for parole have been met, and the minimum procedures adequate for due-process protection of that interest have not been met, to the extent Plaintiff can do so in good faith." Herrera, 2018 WL 400320, at *4, 2018 U.S. Dist. LEXIS 6113, at *12; accord, Crisp v. Kernan, 2018 WL 2771310, at *4, 2018 U.S. Dist. LEXIS 96221, at *9-10.**

**In an amended complaint plaintiff must explain exactly how he is currently calculating his right to relief under Proposition 57, and why none of the three state options identified herein provide him adequate avenues to pursue such relief.** For present purposes the court will retain the CDCR Secretary as the sole defendant in this action but substitute current Secretary Ralph Diaz for former Secretary Scott Kernan.

ECF No. 13 at 5-8 (emphasis added).

### 2. The First Amended Complaint

The FAC makes no new factual allegations responsive to the court's initial screening order. Plaintiff does not assert that he has chosen to pursue any of the other identified options for relief at the state level or that these options are inadequate for pursuing his claim of entitlement to

---

the reasons why parole was denied. The Constitution . . . does not require more.

Swarthout v. Cooke, 562 U.S. at 220 (original emphasis) (citations and internal quotation marks omitted).

6

immediate release on parole. Instead, plaintiff continues to assert, inter alia: "Every 90 days since Nov. 9th 2016 the Secretary of CDCR has amended the regulations pursuant to Prop. 57 yet I still have not been considered for early parole consideration;" "I'm still being denied a hearing before the BPH even though I was eligible for early parole consideration on the date the law was passed;" "The Secretary of CDCR has created in Cal. Code Regs Title 15 [§] 3492 by which the Dept. screened out otherwise eligible inmates from parole consideration by the Board of Parole Hearings is in violation of petitioner's due process;" and "I have been denied early parole consideration without a proper hearing before the BPH, I should have been released from prison in 2017." ECF No. 16 at 3-4.

These renewed factual allegations are not responsive to the court's prior screening order nor do they demonstrate the alleged violation of plaintiff's rights to due process and to be free from cruel and unusual punishment. Rather than pursue CDCR's advice to pursue his request for immediate parole under California Penal Code section 3041, see ECF No. 11 at 18, plaintiff continues to challenge CDCR's alleged failure to abide by its own evolving regulations and California decisional law. However, the pursuit of available options at the state level, this court cannot evaluate whether plaintiff was accorded adequate federal due process under Swarthout, 562 U.S. at 220 (requiring an opportunity to be heard and a statement of the reasons for denying parole). These limited due process rights are the only federal rights recognized by the Supreme Court in relation to state parole decisions. "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Id., see also n.5, supra.

For these reasons, the court finds plaintiff's putative Eighth and Fourteenth Amendment claims are not cognizable, and that further amendment of the complaint would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).[6]

---

[6] Accord, Olivier v. CDCR, 2019 WL 462771, at *1, 2019 U.S. Dist. LEXIS 19523, at *3 (E.D. Cal. Feb. 6, 2019) (Case No. 1:19-cv-00131 SKO HC) (recommending dismissal of habeas action on the ground, inter alia, that Proposition 57 "does not provide for existing prisoners to be resentenced" and is a matter of state law only); adopted May 14, 2019; Daniels v. CDCR, 2018

IV. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable federal claim.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

WL 1726638, at *2, 2018 U.S. Dist. LEXIS 60866, at *6 (E.D. Cal. Apr. 10, 2018) (Case No. 1:17-cv-01510 AWI BAM) (recommending dismissal of civil rights action on the ground, inter alia, that "Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing, and does not entitle Plaintiff to seek relief in court in the first instance"), adopted Sept. 7, 2018; Herrera v. Sherman, 2018 WL 3031547, at *3, 2018 U.S. Dist. LEXIS 101714 (E.D. Cal. June 18, 2018) (Case No. 1:17-cv-386 AWI BAM) (recommending dismissal of civil rights case on the ground, inter alia, that plaintiff's challenge to Proposition 57 failed to state a federal claim); adopted July 13, 2018.

8